# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE, CHATTANOOGA

| | |
|---|---|
| HANNAH TURNER and LT, a minor by and through his mother, Hannah Turner<br><br>　　　Plaintiffs,<br><br>v.<br><br>CHARLES MICHAEL HOWE, M.D.; GRANDVIEW MEDICAL CENTER; PONDER PHARMACY; NORTH JACKSON PHARMACY; PHL INC. dba THE DRUGSTORE; and DOES 1-10, inclusive<br><br>　　　Defendants. | CASE NO. _____<br><br>JURY DEMAND<br><br>Judge _____ |

## COMPLAINT

Plaintiffs allege as follows:

### THE PLAINTIFFS

1.　　Plaintiff Hannah Turner is the mother of plaintiff LT. Plaintiffs are, and at all times herein mentioned were, residents of the State of Tennessee, Marion County.

2.　　Prior to filing this action, plaintiffs gave written notice to defendants of their intention to commence this action, in accordance with Tennessee Code Annotated Section 29-26-121. Copies of the affidavit of mailing, notices, list of prospective defendants, authorizations, certified mail receipts, return receipts, and

certificates of mailing from the U.S. Post Office are attached hereto as **Exhibit 1** and made a part hereof.

3. In accordance with Tennessee Code Annotated Section 29-26-122, plaintiffs' counsel has executed a certificate of good faith basis to maintain this action, a copy of which is attached hereto as **Exhibit 2** and made a part hereof.

**THE DEFENDANTS**

4. Plaintiffs repeat and re-allege each and every allegation made above, fully incorporating those allegations as though fully set forth herein.

5. At all times herein mentioned, defendant Charles Michael Howe, M.D. (Dr. Howe) was an obstetrician and gynecologist, licensed under the laws of the State of Tennessee and engaged in the practice of medicine at the Grandview Medical Center in Jasper, Tennessee.

6. At all times herein mentioned, defendant Grandview Medical Center (Grandview) and DOES 1 to 10, inclusive, and each of them, was a hospital, licensed under the laws of the State of Tennessee and engaged in the operation of a hospital in Jasper, Tennessee.

7. Plaintiffs are informed and believe that, at all times herein mentioned, Dr. Howe was the agent and employee of Grandview and DOES 1 to 10, inclusive, and each of them, acting within the course and scope of such agency and employment in preforming the acts alleged herein.

8. At all times herein mentioned, defendant Ponder Pharmacy (Ponder) and DOES 1 to 10, inclusive, and each of them, were in the business of compounding prescriptions and dispensing at retail such prescriptions and other medical drugs, or pharmacists, licensed to practice under the laws of the State of Georgia and engaged in the operation of a pharmacy in Trenton, Georgia.

9. At all times herein mentioned, defendant North Jackson Pharmacy (North Jackson) and DOES 1 to 10, inclusive, and each of them, were in the

business of compounding prescriptions and dispensing at retail such prescriptions and other medical drugs, or pharmacists, licensed to practice under the laws of the State of Alabama and engaged in the operation of a pharmacy in Stevenson, Alabama.

10. At all times herein mentioned, defendant PHL Inc. dba The Drugstore (The Drugstore) and DOES 1 to 10, inclusive, and each of them, were in the business of compounding prescriptions and dispensing at retail such prescriptions and other medical drugs, or pharmacists, licensed to practice under the laws of the State of Tennessee and engaged in the operation of a pharmacy in South Pittsburgh, Tennessee.

11. Whenever reference in this complaint is made to any act, conduct, omission or transaction of Grandview, Ponder, North Jackson, The Drugstore and DOES 1 to 10, inclusive, and each of them, such allegations shall be deemed to mean that the principals, officers, directors, managing agents, employees, agents and representatives of such defendants committed, knew of, performed, authorized, ratified or directed such act, conduct, omission or transaction on behalf of such defendants while actively engaged in the scope of their duties.

12. Defendants DOE 1 to DOE 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiffs. When said true names and capacities are ascertained, plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiffs' damages as herein alleged were proximately caused by such defendants. Plaintiffs are informed and believe and thereon allege that each of the defendants designated as a DOE is responsible in some manner for the events and happenings herein

referred to, and thereby proximately caused injuries and damages to plaintiffs as herein alleged.

13.     Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each of the defendants was the agent and employee of each of the remaining defendants, and in doing the things alleged below, was acting within the course and scope of such agency and employment.

## JURISDICTION AND VENUE

14.     Plaintiffs repeat and re-allege each and every allegation made above, fully incorporating those allegations as though fully set forth herein.

15.     This court has jurisdiction over this matter because plaintiffs are citizens of the State of Tennessee, Ponder is a corporation incorporated under the laws of the State of Georgia, and North Jackson is a corporation incorporated under the laws of the State of Alabama.

16.     The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

## FIRST CAUSE OF ACTION
## HEALTH CARE LIABILITY
### (Against All Defendants)

17.     Plaintiffs re-allege and incorporate by reference all of the allegations in the preceding paragraphs of this complaint as though fully set forth herein.

18.     Plaintiff Hannah Turner employed Dr. Howe, Grandview and DOES 1 to 10, inclusive, and each of them, to provide professional services, including but not limited to, obstetrical and gynecological consultation, diagnosis and treatment. Pursuant to this employment, defendants, and each of them, rendered such professional services for plaintiff, and initiated a pain management regimen that consisted of a complex combination of highly addictive, dangerous narcotics in increasingly higher dosages over time, through May 1, 2013.

19. From and after the time of the employment, Dr. Howe, Grandview and DOES 1 to 10, inclusive, and each of them, negligently failed to exercise the proper degree of knowledge and skill in examining, diagnosing, treating and caring for plaintiff Hannah Turner, and did not supply appropriate information to plaintiff Hannah Turner in obtaining informed consent to the narcotic pain management regimen while pregnant with plaintiff LT.

20. The course of treatment by Dr. Howe, Grandview and DOES 1 to 10, inclusive, and each of them, fell woefully below the level of skill, knowledge and care in diagnosis and treatment that other reasonably careful doctors would use in the same or similar circumstances, including, but not limited to, the following:

   a. Failing to conduct a good faith, meaningful history, physical examination and appropriate testing, including an assessment of risk of substance abuse, misuse, or addiction.

   b. Failure to conduct a benefit-to-harm evaluation including a history, physical examination, and appropriate diagnostic testing, on an ongoing basis.

   c. Failing to conduct good faith, meaningful discussion with the patient, including goals, expectations, potential risks, and alternatives.

   d. Failing to regard the initial treatment with prescription medication as a therapeutic trial to determine whether such treatment was appropriate, and failing to individualize the selection, dosing, and titration of medication according to the patient's health status, previous exposure, attainment of therapeutic goals, and predicted or observed harms.

   e. Failing to monitor and periodically reassess the patient's treatment by changing circumstances, including documentation of pain intensity and level of functioning, assessments of progress toward achieving

therapeutic goals, presence of adverse events, adherence to prescribed therapies, and aberrant drug-related behavior.

    f.    Failing to utilize periodic urine drug screens or other information to confirm adherence to the plan of care, and disregarding such information.

    g.    Failing to monitor and periodically reassess frequency and stringency of monitoring parameters, evidence of drug abuse, psychiatric issues, or serious aberrant drug-related behaviors.

    h.    Failing to consider consultation with a mental health or addiction specialist, evaluation for appropriateness of therapy or need for restructuring of therapy, referral for assistance in management, or discontinuation of therapy.

    i.    Failing to consider medication rotation when faced with evidence of inadequate benefit despite dose increases and no progress toward meeting therapeutic goals, or tapering or weaning the patient off of medication when faced with evidence of aberrant drug-related behaviors or drug abuse or diversion.

    j.    Failing to integrate psychotherapeutic interventions, functional restoration, interdisciplinary therapy, and other adjunctive therapies in the therapy plan.

21. Because Ponder, North Jackson, The Drugstore and DOES 1 to 10, inclusive, and each of them, were engaged in the sale of prescription drugs to the general public, and were engaged in the filling of prescriptions for drugs for the general public, they owed a duty to the general public, and to plaintiff Hannah Turner in particular, to use reasonable care to see that the prescriptions for drugs were filled so as to be safe for human use and not dispensed for an illegitimate medical purpose.

22. The conduct of Ponder, North Jackson, The Drugstore and DOES 1 to 10, inclusive, and each of them, fell below the level of skill, knowledge and care that other reasonably careful pharmacists would use in the same or similar circumstances, including, but not limited to, the following:

    a.    Drug Utilization Review ("DUR"): Failing to institute, implement or adhere to an authorized, structured, ongoing comprehensive review of patient prescription and medication data before, during, and after dispensing to ensure appropriate medication decision making and positive patient outcomes.

    b.    Assessment: Failing to collect relevant patient-specific information to use in decision-making concerning all drug therapies; failing to analyze the assessment data to determine if the patient's drug related needs are being met, that all the patient's medications are appropriately indicated, the most effective available, the safest possible, and the patient is able and willing to take the medication as intended; failing to analyze the assessment data to determine if any drug therapy problems are present.

    c.    Care plan development: Failing to identify goals of therapy that are individualized to the patient; failing to develop a care plan that includes interventions to resolve drug therapy problems, achieve goals of therapy, and prevent drug therapy problems; failing to develop a schedule to follow up and evaluate the effectiveness of drug therapies and assess any adverse events experienced by the patient.

    d.    Follow up evaluation: Failing to evaluate the patient's actual outcomes and determine the patient's progress toward the achievement of the goals of therapy, determine if any safety or

compliance issues are present, and assesses whether any new drug therapy problems have developed.

23. As a proximate result of the negligence of the defendants, and each of them, plaintiff Hannah Turner suffered physical and psychological consequences of drug addiction, and as a result suffered great physical and emotional pain and suffering.

24. As a proximate result of the negligence of the defendants, and each of them, plaintiff Hannah Turner has sustained injury to her health, strength, and activity, all of which injuries have caused, and continue to cause, plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that such injuries will result in some permanent disability to her. As a result of such injuries, plaintiff Hannah Turner has sustained general damages.

25. As a proximate result of the negligence of the defendants, and each of them, plaintiff Hannah Turner has incurred, and will continue to incur, medical, hospital, and related expenses, all to her special damage.

26. As a proximate result of the negligence of the defendants, and each of them, plaintiff Hannah Turner was prevented from obtaining gainful employment, and will continue to be so prevented for an indefinite time in the future, and has suffered the loss of earning capacity, all to her further damage.

27. As a proximate result of the negligence of the defendants, and each of them, plaintiff LT suffered physical and psychological consequences of prenatal exposure to the drugs prescribed and dispensed by defendants while in his mother's womb, drug dependence and neonatal abstinence syndrome, and as a result suffered great physical and emotional pain and suffering.

28. As a proximate result of the negligence of the defendants, and each of them, plaintiff LT has sustained injury to his health, strength, and activity, all of

which injuries have caused, and continue to cause, plaintiff great mental, physical, and nervous pain and suffering.  Plaintiff is informed and believes and thereon alleges that such injuries will result in some permanent disability to him.  As a result of such injuries, plaintiff LT has sustained general damages.

29. As a proximate result of the negligence of the defendants, and each of them, plaintiff LT has incurred, and will continue to incur, medical, hospital, and related expenses, all to his special damage.

30. As a proximate result of the negligence of the defendants, and each of them, plaintiff LT has suffered the loss of earning capacity, all to his further damage.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE DRUG DEALER LIABILITY ACT
**(Tenn. Code Ann. § 29-38-101 *et seq.*)**
**(Against Defendant Charles Michael Howe, M.D.)**

31. Plaintiffs re-allege and incorporate by reference all of the allegations in the preceding paragraphs of this complaint as though fully set forth herein.

32. On or about November 27, 2013, the United States Attorney General's Office filed an information, charging Dr. Howe with 14 counts of prescribing controlled substances outside the scope of his professional practice and without a legitimate medical purpose.  Counts 3, 13 and 14 relate to prescriptions written by Dr. Howe for plaintiff Hannah Turner.

33. On or about December 3, 2013, the United States Attorney General's Office filed a plea agreement, signed by Dr. Howe, in which Dr. Howe pled guilty to the charges of prescribing controlled substances outside the scope of his professional practice and without a legitimate medical purpose, admitted to writing prescriptions for plaintiff Hannah Turner without a legitimate medical purpose.

34. The Tennessee legislature has made the following findings and declarations:

> Although the criminal justice system is an important weapon against the illegal drug market, the civil justice system can and must also be used. The civil justice system can provide an avenue of compensation for those who have suffered harm as a result of the marketing and distribution of illegal drugs. The persons who have joined the illegal drug market should bear the cost of the harm caused by that market in the community …

Tenn. Code Ann. § 29-38-103(2)

> The threat of liability under [the Drug Dealer Liability Act] serves as an additional deterrent to a recognizable segment of the network for illegal controlled substances. ...

Tenn. Code Ann. § 29-38-103(3)

35. Plaintiff Hannah Turner was a patient of Dr. Howe who received prescriptions from Dr. Howe for controlled substances, including oxycodone, hydrocodone and alprazolam.

36. Plaintiff LT is the son of plaintiff Hannah Turner who was exposed in utero to the controlled substances prescribed by Dr. Howe.

37. At all relevant times herein, Dr. Howe had a reputation for prescribing narcotics that he knew were not being prescribed for a legitimate medical purpose, and instead knew that the drugs were being prescribed to addicts, were being used for recreational use, or were being diverted for re-sale on the "black market."

38. Said prescription narcotics were known by Dr. Howe, and all physicians and pharmacists for that matter, to have an extremely high re-sale value on the "black market."

39. Dr. Howe, with full knowledge of these facts, prescribed unreasonably excessive amounts of controlled substances, including issuing prescriptions in other people's names, for purposes of gaining profit, which he continued prescribing to plaintiff Hannah Turner through May 1, 2013.

40. Dr. Howe sold, administered, and furnished controlled substances to plaintiff Hannah Turner in violation of the law, including prescribing controlled substances without a legitimate medical purpose.

41. As a proximate result of the negligence of the defendants, and each of them, plaintiff Hannah Turner suffered physical and psychological consequences of drug addiction, and as a result suffered great physical and emotional pain and suffering.

42. As a proximate result of the negligence of the defendants, and each of them, plaintiff Hannah Turner has sustained injury to her health, strength, and activity, all of which injuries have caused, and continue to cause, plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that such injuries will result in some permanent disability to her. As a result of such injuries, plaintiff Hannah Turner has sustained general damages.

43. As a proximate result of the negligence of the defendants, and each of them, plaintiff Hannah Turner has incurred, and will continue to incur, medical, hospital, and related expenses, all to her special damage.

44. As a proximate result of the negligence of the defendants, and each of them, plaintiff Hannah Turner was prevented from obtaining gainful employment, and will continue to be so prevented for an indefinite time in the future, and has suffered the loss of earning capacity, all to her further damage.

45. As a proximate result of the negligence of the defendants, and each of them, plaintiff LT suffered physical and psychological consequences of prenatal

exposure to the drugs prescribed and dispensed by defendants while in his mother's womb, drug dependence and neonatal abstinence syndrome, and as a result suffered great physical and emotional pain and suffering.

46. As a proximate result of the negligence of the defendants, and each of them, plaintiff LT has sustained injury to his health, strength, and activity, all of which injuries have caused, and continue to cause, plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that such injuries will result in some permanent disability to him. As a result of such injuries, plaintiff LT has sustained general damages.

47. As a proximate result of the negligence of the defendants, and each of them, plaintiff LT has incurred, and will continue to incur, medical, hospital, and related expenses, all to his special damage.

48. At all times herein mentioned, Dr. Howe knew there was high likelihood that the unreasonably excessive prescribing of controlled substances would cause significant suffering and grave injury to plaintiffs. Notwithstanding this knowledge, Dr. Howe, in willful and conscious disregard of the safety of plaintiffs, persisted in prescribing such controlled substances. Dr. Howe acted maliciously, intentionally, fraudulently and recklessly, within the meaning of Tenn. Code Ann. § 29-39-104, warranting the imposition of punitive damages for the sake of example and by way of punishing Dr. Howe.

49. Pursuant to Tenn. Code Ann. § 29-38-106, plaintiffs seek recovery of reasonable attorney fees and costs of suit, including, but not limited to, reasonable expenses for expert testimony.

///
///
///
///

# FIRST CAUSE OF ACTION
# NEGLIGENCE *PER SE*
## (Against All Defendants)

50. Plaintiffs re-allege and incorporate by reference all of the allegations in the preceding paragraphs of this complaint as though fully set forth herein.

51. At all times herein mentioned, defendants, and each of them, had a duty to ensure the proper prescribing and dispensing of controlled substances, and that the controlled substances only be prescribed and dispensed for a legitimate medical purpose.

52. At all times herein mentioned, there was in effect 21 USCS § 841, and Tenn. Code Ann. §§ 53-10-112 and 63-6-1108, which prohibit the unlawful prescribing, dispensing or distributing of controlled substances without a legitimate medical purpose.

53. At all times herein mentioned, defendants, and each of them, prescribed, dispensed or distributed controlled substances to plaintiff Hannah Turner in violation of the law, including 21 USCS § 841, and Tenn. Code Ann. §§ 53-10-112 and 63-6-1108, which were designed to protect against and prevent causing dependence, addiction, injury and death.

54. As a proximate result of the negligence of the defendants, and each of them, plaintiff Hannah Turner suffered physical and psychological consequences of drug addiction, and as a result suffered great physical and emotional pain and suffering.

55. As a proximate result of the negligence of the defendants, and each of them, plaintiff Hannah Turner has sustained injury to her health, strength, and activity, all of which injuries have caused, and continue to cause, plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that such injuries will result in some permanent

disability to her.  As a result of such injuries, plaintiff Hannah Turner has sustained general damages.

56. As a proximate result of the negligence of the defendants, and each of them, plaintiff Hannah Turner has incurred, and will continue to incur, medical, hospital, and related expenses, all to her special damage.

57. As a proximate result of the negligence of the defendants, and each of them, plaintiff Hannah Turner was prevented from obtaining gainful employment, and will continue to be so prevented for an indefinite time in the future, and has suffered the loss of earning capacity, all to her further damage.

58. As a proximate result of the negligence of the defendants, and each of them, plaintiff LT suffered physical and psychological consequences of prenatal exposure to the drugs prescribed and dispensed by defendants while in his mother's womb, drug dependence and neonatal abstinence syndrome, and as a result suffered great physical and emotional pain and suffering.

59. As a proximate result of the negligence of the defendants, and each of them, plaintiff LT has sustained injury to his health, strength, and activity, all of which injuries have caused, and continue to cause, plaintiff great mental, physical, and nervous pain and suffering.  Plaintiff is informed and believes and thereon alleges that such injuries will result in some permanent disability to him.  As a result of such injuries, plaintiff LT has sustained general damages.

60. As a proximate result of the negligence of the defendants, and each of them, plaintiff LT has incurred, and will continue to incur, medical, hospital, and related expenses, all to his special damage.

61. As a proximate result of the negligence of the defendants, and each of them, plaintiff LT has suffered the loss of earning capacity, all to his further damage.

///

## DEMAND FOR JURY

Plaintiffs hereby demand trial by jury.

## PRAYER

WHEREFORE, plaintiffs pray for judgment as follows:

1. For general damages according to proof.
2. For special damages according to proof.
3. For punitive damages according to proof.
4. For reasonable attorney fees according to proof.
5. For costs of suit herein incurred, including, but not limited to, reasonable expenses for expert testimony.
6. For such other and further relief as the court may deem proper.


DATED: 04/17/14                                         BUSSART LAW FIRM



                                                  By: /s/ Walter W. Bussart
                                                      WALTER W. BUSSART, ESQ.
                                                      Attorneys for Plaintiff HANNAH
                                                     TURNER and LT, a minor by and

                                               WALTER W. BUSSART, ESQ.
                                             (Tennessee BPR # 2862)
                                             BUSSART LAW FIRM
                                             520 North Ellington Parkway
                                             Lewisburg, Tennessee 37091
                                             Phone: (931) 359-6264
                                             Fax:    (931) 359-6267


                                             RICHARD T. COLLINS, ESQ.
                                             (California State Bar No. 166577)
                                             *Pro Hac Vice Motion Pending*

BERGER KAHN, A Law Corporation
2 Park Plaza, Suite 650
Irvine, CA  92614-8516
Tel:  (949) 474-1880
Fax:  (949) 474-7265

Attorneys for Plaintiffs HANNAH
TURNER and LIAM TURNER,
a minor by and through his guardian ad
litem Hannah Turner